IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG BOSTON,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 20-cv-1980 |
| **DR. ABBY CASSIDY, et al.,** | : | |
| Defendants. | : | |

**FINAL CONSENT ORDER**

AND NOW, this  2nd  day of   February         , 2022, upon agreement of the parties, the Court finds the following:

Whereas, Plaintiff Craig Boston has been diagnosed with a serious mental illness;

Whereas, Plaintiff has filed suit for both injunctive and monetary relief against Defendants, alleging unconstitutional and otherwise unlawful conditions of confinement at Bucks County Correctional Facility (BCCF) arising from the alleged inadequate or improper treatment of his alleged serious mental illness, his alleged prolonged placement in solitary confinement, and Defendants' alleged use of unreasonable and excessive force against him;

Whereas, Plaintiff and Defendants, without conceding any infirmity in their claims or defenses, and prior to completing formal discovery, have reached a settlement agreement on Plaintiff's claims for injunctive relief and damages;

Whereas, the Plaintiff is currently confined at Norristown State Hospital (NSH), a behavioral health treatment facility, pending the resolution of the matter of *Commonwealth v. Boston*, CP-09-CR-0005641-2016;

Whereas, Plaintiff and Defendants agree that Plaintiff's serious mental illness can be appropriately treated at Norristown State Hospital; and

Whereas, the Court finds, based upon the entire record and the parties' stipulation and joint request, that this Final Consent Order satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct the alleged violation of Plaintiff's Federal rights, and is the least intrusive means necessary to correct the alleged violation of Plaintiff's Federal rights;

THEREFORE, it is hereby ORDERED and DECREED, upon agreement of the parties in this case, that Bucks County Department of Corrections shall not initiate nor authorize the transfer of Plaintiff to BCCF during the pendency of *Commonwealth v. Boston*, CP-09-CR-0005641-2016, including the service of any sentence imposed in that case, without first notifying and consulting with counsel for all parties in this matter and without prior authorization from this Court.

After any dismissal of this matter pursuant to a settlement agreement, any party may reopen this case through a motion seeking enforcement of this Final Consent Order.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J
United States District Court Judge